IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERICA MERRITT DEGLOPPER,

                    Plaintiff,

          v.                                          OPINION and ORDER

SAMUEL PENNINGTON, PAUL MILBRATH,                     24-cv-332-jdp
MATTHEW KANTERS, and CINDY HAMRE INCHA,

                    Defendants.

---

This case arises from a long-running dispute over the property of Art Shay Archive Project, LLC (Art Shay Archive), which held material related to Art Shay, a noted American photographer who died in 2018. Plaintiff Erica Merritt DeGlopper, formerly Shay's assistant, held a part interest in the Art Shay Archive. DeGlopper proceeds without counsel, but she's no stranger to civil litigation. In the past few years, DeGlopper has been a party in several lawsuits involving Art Shay Archive.

In one such lawsuit, brought in Illinois, Richard Shay (Art's son) and Art Shay Archive obtained a default judgment providing that they were entitled to immediate possession of Art Shay Archive property located at DeGlopper's storage unit in Wisconsin. A receiver was appointed in Wisconsin, who obtained a writ of assistance in Jefferson County (Wisconsin) case no. 2022FJ2. A writ of assistance authorizes the sheriff to assist the enforcement of a judgment for the delivery of possession of real property. *See* Wis. Stat. § 815.11. Jefferson County sheriff deputies, defendants Samuel Pennington and Matthew Kanters, helped the receiver execute the writ, and Richard Shay eventually managed to remove the property from DeGlopper's storage unit.

In this case, DeGlopper alleges that: (1) the Jefferson County clerk of courts, defendant Cindy Hamre Incha, failed to notify DeGlopper of the writ's issuance and execution; and (2) Pennington, Kanters, and former Jefferson County Sheriff Paul Milbrath executed the writ even though it was facially invalid, depriving her of art and other property worth millions of dollars. DeGlopper is proceeding on a Fourteenth Amendment procedural due process claim for damages against Hamre Incha, and on a Fourth Amendment illegal seizure claim for damages against Pennington, Kanters, and Milbrath.

The undisputed facts are that Hamre Incha and her staff made appropriate efforts to notify DeGlopper that the receiver sought to enforce the Illinois judgment in the '2 case. Apparently the notice missed its target, because DeGlopper's address, as provided by the receiver, was incorrect. But there's no evidence that Hamre Incha was aware that DeGlopper's address of record was incorrect, or that she acted recklessly or intentionally to deprive DeGlopper of notice of the writ. Her procedural due process claim fails.

On the illegal seizure claim, the undisputed facts show that Pennington and Kanters were acting at the direction of a circuit court judge when they executed the writ of assistance. So Pennington and Kanters are entitled to quasi-judicial immunity. DeGlopper's illegal seizure claim against Milbrath fails because he wasn't personally involved in the writ's execution.

I will grant summary judgment to defendants and close the case.

UNDISPUTED FACTS

The court begins with a word about DeGlopper's summary judgment opposition. On summary judgment, this court requires the moving party, here defendants, to set out a statement of proposed facts with citations to admissible supporting evidence. *See* attachment

to Dkt. 16 at 2–4. The party opposing the motion, here DeGlopper, must state whether each fact is disputed, and if it is, support the opposition with a citation to admissible evidence. *Id.* at 4–5. All litigants must comply with the court's orders and rules. *See Allen-Noll v. Madison Area Tech. Coll.*, 969 F.3d 343, 349 (7th Cir. 2020).

Responses to proposed facts must be succinctly stated and not inflated with lengthy argument. *See* attachment to Dkt. 16 at 2, 4. The responding party must not respond to proposed facts with additional facts that are not directly responsive to the proposed fact. *Id.* at 4. If a response to a proposed fact relied on inadmissible evidence or otherwise does not comply with the court's procedures, the court takes the opposing party's factual statement as true and undisputed. *See id.* at 8.

DeGlopper's responses to defendants' proposed facts don't comply with the court's summary judgment procedures. Her responses are excessively long and argumentative, and she responds with additional facts that aren't directly responsive to defendants' proposed facts. Similarly, DeGlopper proposes numerous immaterial facts, along with facts for which she lacks foundation. DeGlopper also fails to provide citations to admissible evidence for many of her proposed facts. DeGlopper has submitted two declarations, but these submissions contain mostly immaterial factual statements. *See* Dkt. 27 and Dkt. 32. In light of the deficiencies in DeGlopper's responses, I will accept defendants' properly supported proposed facts as undisputed. *See Allen-Noll*, 969 F.3d at 349; *Hedrich v. Bd. of Regents of Univ. of Wisconsin Sys.*, 274 F.3d 1174, 1177–78 (7th Cir. 2001).

With that background, the following facts are undisputed.

## A.  Default judgment and failure to surrender property

In July 2021, the Lake County (Illinois) Circuit Court entered a default judgment against DeGlopper. Dkt. 22-1. The judgment says that Richard Shay and Art Shay Archive brought an amended counterclaim seeking immediate possession of Art Shay Archive's property. *Id.* at 1–2. The Illinois circuit court concluded that: (1) DeGlopper failed to answer or otherwise respond to the counterclaim; (2) DeGlopper was wrongfully withholding access to the archive property in violation of Art Shay Archive's operating agreement; and (3) Richard Shay and Art Shay Archive were entitled to immediate possession of the property. *Id.* at 2. The default judgment defined the property to include property located in a Wisconsin storage unit. *See id.* at 3; Dkt. 32-4 at 3. That property included paper materials related to articles, journalism, and writings of Art Shay, and prints or photos related to the Green Bay Packers. Dkt. 22-1 at 3.

DeGlopper failed to surrender the archive property in accordance with the default judgment. *See* Dkt. 29 ¶ 9. So, in April 2022, Richard Shay and Art Shay Archive filed a petition for appointment of receiver in Waukesha County (Wis.) Circuit Court case no. 2022CV519. Dkt. 22-2. That month, Judge Michael J. Aprahamian concluded that good cause existed to grant the petition and appointed Seth Dizard as receiver of the Wisconsin archive property. Dkt. 22-3. Judge Aprahamian ruled that: (1) Dizard should have sole possession of the Wisconsin archive property; (2) Dizard could retain a law firm to help him discharge his duties; (3) all persons or entities in possession of the Wisconsin archive property should cooperate with Dizard's efforts to obtain it; and (4) Dizard could apply for a writ of assistance to obtain compliance with the order. *Id.* at 3–4. The order appointing the receiver defined the archive property as it was defined in the Illinois default judgment. *Id.* at 1–2.

**B. Appointment of receiver and issuance of writs of assistance**

A few days later, Dizard emailed a copy of the order appointing the receiver to DeGlopper's then-counsel, Robert Churchill, whose office was in Tallahassee, Florida. At that time, DeGlopper resided at 5871 Nightingale Loop, Apt. 2, Tallahassee, Florida 32311. *See* Dkt. 27-9; 27-12; Dkt. 27-19.

In late April 2022, Dizard filed a writ of assistance in the '519 case, which the circuit court approved. Dkt. 22-5 and Dkt. 22-6. The writ directed the Waukesha County sheriff to help Dizard enter DeGlopper's unit at Ski Slide Storage in Oconomowoc, Wisconsin, for the purpose of taking immediate possession of the Wisconsin archive property. Dkt. 22-6. The writ of assistance defined the Wisconsin archive property by reference to the order appointing the receiver. *Id.* at 1.

On May 9, 2022, Dizard filed a petition for filing of foreign judgment in the '2 case in Jefferson County. Dizard explained that DeGlopper's Ski Slide Storage was in Ixonia, Wisconsin, not in Oconomowoc, Wisconsin. *See* Dkt. 22-7 at 1. Dizard also explained that, despite the order appointing the receiver, he had yet to convince the owner of the Ski Slide Storage to allow Dizard to obtain the property. *Id.* Dizard wrote that he needed the Sheriff's Department's help to carry out the order appointing the receiver. *Id.* Dizard's related affidavit providing DeGlopper's name and last known address miswrote her address as: "5**78**1 Night**e**ngale Loop Tallahassee, FL 32311." Dkt. 22-8 at 2 (emphasis added). The affidavit also omitted DeGlopper's apartment number. Consistent with the affidavit, the docket sheet in the '2 case incorrectly lists DeGlopper's then-address as "5781 Nightengale Loop, Tallahassee, FL 32311."

After Dizard brought the foreign judgment action,  Hamre Incha mailed the electronic filing notice, petition, and affidavit to the address for DeGlopper listed in the affidavit. *See* Dkt. 30 ¶ 6; Dkt. 30-1. That mailing was not returned to the court as undeliverable. *See* Dkt. 29 ¶ 30.

On May 10, 2022, Judge Bennett J. Brantmeier signed a writ of assistance in the '2 case that was fundamentally the same as the writ filed in the '519 case, except that the Jefferson County writ stated that the Wisconsin archive property was at DeGlopper's Ski Slide Storage unit in Ixonia, Wisconsin. Dkt. 22-9. Jefferson County clerk's office staff mailed a copy of the writ of assistance to the address for DeGlopper listed in Dizard's affidavit. *See* Dkt. 29 ¶ 33.

## C.  Execution of writ of assistance

Deputy Pennington received the Jefferson County writ of assistance. Pennington reviewed that writ, petition for filing of foreign judgment, and order appointing the receiver, among other documents. Dkt. 29 ¶ 36. Pennington then contacted Dizard and the owner of the Ixonia Ski Slide Storage, Michael Herro, to arrange a time to execute the writ.

On May 17, 2022, Pennington and deputy Kanters met Dizard and Herro at Ski Slide Storage, where Pennington served Herro with the writ of assistance. Herro led the group to DeGlopper's unit, locker 517, where the Wisconsin archive property was located. *See* Dkt. 29 ¶ 41. Herro removed the lock and opened the unit, and Herro and Dizard briefly examined the items inside. *Id.* ¶ 42. The locker was then closed and Dizard placed a new lock on the locker, but no property was removed at that time. *Id.* ¶ 43.

Pennington and Kanters then returned to the Sheriff's Department, where Pennington wrote and signed the certification of service. *See id*. ¶ 44. Pennington and Kanters had no

further involvement in the '2 case or communication with the parties. *Id.* ¶ 45. The certification was filed in the '2 case two days later. Dkt. 22-11.

At the end of May 2022, attorney Randall W. Ollie, who worked with Dizard, and Richard Shay returned to Ski Slide Storage and removed the Wisconsin archive property. *See* Dkt. 29 ¶ 47.

**D.    Unsuccessful motion to quash writ of assistance**

In August 2022, in the '519 case (the Waukesha County receivership), DeGlopper filed an omnibus "motion to quash writ of assistance & receiver; motion to provide proof of service of hearings; motion to turn over to petitioner required 2x bond ($13,600,000) for failure to serve or account for seized material; motion for return of material taken from defendant and third parties without notice." Dkt. 22-13. DeGlopper brought, among other claims, a Fourth Amendment illegal seizure claim and a Fourteenth Amendment due process claim. *See id.* at 1–3. Dizard and DeGlopper submitted briefing, after which Judge Aprahamian held a hearing. Dkt. 22-15; Dkt. 22-16; Dkt. 22-18. Judge Aprahamian denied DeGlopper's motion, ratified all acts of Dizard and his counsel, and discharged Dizard. Dkt. 22-17; Dkt. 22-18 at 16–18. Judge Aprahamian also denied DeGlopper's motion for reconsideration. *See* docket sheet in the '519 case[1]; Dkt. 29 ¶ 59.

I will discuss additional facts as they become relevant to the analysis.

---

[1] *Available at* https://wcca.wicourts.gov/case.html.

ANALYSIS

**A.  Fourteenth Amendment procedural due process claim**

DeGlopper is proceeding on a procedural due process claim against Hamre Incha based on the allegation that Hamre Incha failed to notify DeGlopper of the issuance or execution of the Jefferson County writ of assistance. Dkt. 4 at 4. By "execution," I take DeGlopper to mean that Hamre Incha deprived her of notice of Pennington's certification of service of the writ.

To prevail on a procedural due process claim, DeGlopper must show that she was denied a protected liberty or property interest without adequate process. *See Brown v. City of Mich. City, Ind.*, 462 F.3d 720, 728 (7th Cir. 2006). "The cornerstone of due process is notice and the opportunity to be heard at a meaningful time and in a meaningful manner." *Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 (7th Cir. 2019). Notice "must be reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Gates v. City of Chicago*, 623 F.3d 389, 401 (7th Cir. 2010). Under Wisconsin law, "[p]romptly upon the filing of [a] foreign judgment and affidavit, the clerk of circuit court shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing on the court record." Wis. Stat. § 806.24(3)(a).

For purposes of civil liability, "negligent conduct does not offend the Due Process Clause." *Moran v. Calumet City*, 54 F.4th 483, 493 (7th Cir. 2022). "So an infringement must be intentional, or at least reckless, to come within the reach of the Due Process Clause." *Allen v. Cooper*, 589 U.S. 248, 261 (2020); *accord Moran*, 54 F.4th at 493. Also, individual liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

8

Based on the undisputed facts, no reasonable juror could conclude that Hamre Incha recklessly, let alone intentionally, deprived DeGlopper of notice of the Jefferson County writ of assistance's issuance or execution. Consistent with § 806.24(3)(a), after Dizard filed the foreign judgment action, Hamre Incha mailed the electronic filing notice, petition, and affidavit to the address for DeGlopper listed in the affidavit. Dizard's affidavit misstated DeGlopper's address, but there's no admissible evidence that Hamre Incha was aware of that error. DeGlopper's speculation isn't enough to support an inference that Hamre Incha acted intentionally. *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 946 (7th Cir. 2024) ("[S]peculation is insufficient to defeat a summary judgment motion."). The mailing wasn't returned as undeliverable, so Hamre Incha didn't get notice that DeGlopper's address was incorrect.

Furthermore, there's no admissible evidence that Hamre Incha was personally involved in mailing, or failing to mail, the Jefferson County writ of assistance or the certification of service to DeGlopper. It's undisputed that it was other Jefferson County clerk's office staff who mailed the writ of assistance to DeGlopper's address of record. *See* Dkt. 29 ¶ 33.

I will grant summary judgment to Hamre Incha on DeGlopper's procedural due process claim.

## B. Fourth Amendment illegal seizure claim

DeGlopper is proceeding on an illegal seizure claim against deputies Pennington and Kanters and former Sherrif Milbrath based on two allegations: (1) the sheriff defendants seized numerous property items from the storage unit that belonged to her; and (2) the Jefferson County writ of assistance didn't describe the property to be seized with particularity. Dkt. 4 at 5.

9

The undisputed facts contradict the first allegation. Herro removed the lock from DeGlopper's unit, locker 517, and Herro and Dizard briefly examined the items inside. Dizard then placed a new lock on the locker. Later that month, Dizard's colleague Ollie and Richard Shay returned to the unit and removed the Wisconsin archive property. The sheriff's department defendants didn't seize any property from the unit, so only the second allegation, involving the writ's particularity, is at issue.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. "[T]he ultimate touchstone of the Fourth Amendment is reasonableness." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). As a general rule, an officer's erroneous seizure of personal property is reasonable if the officer performs the seizure "in reliance on a facially valid writ of execution or other court order." *See Partin v. Davis*, 675 F. App'x 575, 583 (6th Cir. 2017).

But there's another layer. "Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). This absolute immunity, commonly referred to as quasi-judicial immunity, applies to ministerial or administrative actions carried out by a law enforcement officer to enforce an official court order. *See id.* at 1238–39; *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see also Richman v. Sheahan*, 270 F.3d 430, 436 (7th Cir. 2001); *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015).

I begin with Pennington and Kanters, who were directly involved in the execution of the Jefferson County writ of assistance. Pennington and Kanters are entitled to quasi-judicial

10

immunity. The writ of assistance directed the Jefferson County sheriff to assist Dizard "in obtaining immediate possession of the Wisconsin Archive Property located at Ski Slide Storage." Dkt. 22-9 at 2. In response, Pennington and Kanters arranged a time to execute the writ, served it on Herro, and accompanied Dizard and Herro to DeGlopper's storage unit. After Herro removed the lock from the unit and Dizard applied a new lock, Pennington prepared and filed the certification of service. The undisputed facts show that Pennington's and Kanter's participation in the seizure of the Wisconsin archive property was limited to ministerial or administrative actions directed by Judge Brantmeier in an official court order.

DeGlopper hasn't developed any argument in response to Pennington's and Kanter's claim to quasi-judicial immunity. *See* Dkt. 25. DeGlopper says in passing that the sheriff's department defendants deprived her of her property "without lawful authority." *Id.* at 5 (citing *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56 (1992)). In *Soldal*, sheriff's deputies helped a mobile home park owner remove a mobile home even though the owner lacked an eviction order from an Illinois court. *Id.* at 58–61. The *Soldal* court held that to be a seizure under the Fourth Amendment. *Id.* at 61, 72. Here the question is whether Pennington and DeGlopper were "acting at the direction of" Judge Brantmeier when they executed the writ of assistance. *See Zoretic v. Darge*, 832 F.3d 639, 644 (7th Cir. 2016). The undisputed facts show that Pennington and Kanters were so acting, unlike the sheriff's deputies in *Soldal*, who knew that the mobile park owner "did not have an eviction order and that its actions were unlawful." *See* 506 U.S. at 59. DeGlopper gives no valid reason that the writ of assistance, which stated its legal basis and described the Wisconsin archive property in some detail, was facially invalid. I will grant summary judgment to Pennington and Kanters based on quasi-judicial immunity.

That leaves DeGlopper's Fourth Amendment claim against Milbrath, the former Jefferson County sheriff. The undisputed facts, as set forth above, show that Milbrath was not personally involved in the execution of the writ of assistance; only Pennington and Kanters carried out that function. DeGlopper points out that Milbrath's typewritten name appears above Pennington's signature on the certification of service. Dkt. 22-11. But it's undisputed that Pennington prepared and signed the certification and, again, the undisputed facts show that Pennington and Kanters directly executed the writ of assistance. *Id.* The appearance of Milbrath's typewritten name on the certification may suggest that Milbrath, the sheriff, had general supervisory authority over Pennington and Kanters, but the supervisory relationship itself would not support § 1983 liability against Milbrath. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Milbrath would "only liable for his or her own misconduct," *id.*, and there's no evidence that Milbrath played any role in Pennington's and Kanters's efforts to gain access to the storage unit. I will grant summary judgment to Milbrath on DeGlopper's illegal seizure claim.

ORDER

IT IS ORDERED that:

1.  Defendants' motion for summary judgment, Dkt. 17, is GRANTED.

2.  Defendant Hamre Incha is to be recaptioned as "Cindy Hamre Incha."

3.  The clerk of court is directed to enter judgment and close the case.

Entered December 3, 2025.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge